### Madison County Fiscal Court et al. v. Cotton.

(Decided May 13, 1938.)

E. S. WIGGINS; O. P. JACKSON, JAMES S. LACKEY and SHUMATE & SHUMATE for appellants.

JOHN NOLAND and J. J. GREENLEAF for appellee.

Opinion of the Court by Drury, Commissioner—
Affirming.

In November, 1937, the fiscal court of Madison county was composed of N. G. Todd, Carl Williams, Luther Perkins, Cordelia Cobb, J. L. Kanatzar, J. L. Matherly, Shirley Cotton, and Walter Park. At its meeting held November 9th, the question of selecting a road engineer was considered and some one suggested the election of Mr. Shirley Cotton. He took the required examination and received a certificate from the State Highway Commission. See sections 4325 and 4356t-3f, Kentucky Statutes. Cotton then resigned, and on November 22, 1937, Governor Chandler appointed William Hagan in his stead. At the meeting of the fiscal court held on December 7, 1937, the fiscal court as then constituted elected Shirley Cotton as road engineer of Madison county. He qualified on December 27, 1937, and at the meeting of the fiscal court on that day the minutes of the meeting of December 7, 1937, were read, approved, and signed by the county judge.

At the meeting of the Madison fiscal court on January 4, 1938, the fiscal court as then constituted consisted of: P. B. Park, Oakley Wells, J. R. Wells, Walter Smith, J. L. Sallee, J. L. Matherly, C. P. Blanton, Willie Hagan. At this meeting, five of the members of the fiscal court as then constituted undertook to remove Mr. Cotton. Those members are: P. B. Park, Oakley Wells, J. R. Wells, Walter Smith, and J. L. Sallee. The other three members of the court opposed such action.

The county judge is ex officio a member of the fiscal court and Hon. Vernon Leer was county judge both in 1937 and 1938. He opposed the proposed action of the fiscal court and left the meeting. Whereupon the five members we have named above undertook to remove Mr. Cotton and passed resolutions to that effect. The county attorney advised them they had no right to do what they had undertaken to do, whereupon they employed counsel and began this action in the Madison

circuit court, asking the court to enjoin Shirley Cotton from attempting to act as road engineer of Madison county and from using the automobile, oil and gasoline of Madison county and that the Madison circuit court enter a mandatory injunction directing him to turn over to the Madison fiscal court the automobile and all other property belonging to Madison county that he might have in his possession; that he be enjoined from interfering with the Madison fiscal court in its road work and that it be adjudged he is not the duly elected and qualified Madison county road engineer, etc. The Madison circuit court dismissed their petition, and they have appealed.

The appellants refer to themselves as the "New Fiscal Court" and to the members of the court of 1937 as the "Old Fiscal Court," and perhaps it is this idea that has led them into their error. The Madison fiscal court is a continuous body. It may be differently constituted at different times, but it remains the same court.

The Madison county fiscal court as now constituted is the same court as the one that employed Mr. Shirley Cotton in December, 1937, as the road engineer for Madison county and the Madison fiscal court as now constituted is just as much obligated by the employment of Mr. Cotton as if the court in December, 1937, had been composed by the same men as it is now, and as so constituted had then elected Shirley Cotton.

They contend that Shirley Cotton is a usurper. If that be true, then the way to remove him is that provided by sections 483, 484 of the Civil Code of Practice.

On December 7, 1937, this order was made and entered upon the minute book of the Madison county fiscal court:

"Madison Fiscal Court, Dec. 7, 1937.
"Order Book 11, page 288.
"In re: Cotton, J. S.

"Comes now Judge Leer and recommends to the Court J. S. (Shirley) Cotton as County Road Engineer for the term of two years beginning January 1, 1938.

"Upon motion of Esq. Park, seconded by Esq. Perkins and by further unanimous vote of the Court it is ordered that J. S. (Shirley) Cotton be

and he is hereby employed as County Road Engineer of Madison County for a term of two years beginning January 1, 1938, at a salary of Two Thousand ($2,000.00) Dollars per annum payable quarterly, and it is further ordered that transportation be furnished to the County Road Engineer.

"Vernon Leer, Judge."

The evidence shows Shirley Cotton was present at that meeting and knew of that action and that he did not qualify within 10 days thereafter as required by section 4325, Kentucky Statutes, which provides:

"Each person appointed shall, within ten days after having been notified of such appointment, qualify by giving such bond as the county court may direct for the faithful performance of his duties, and shall also take oath to well and truly perform the duties thereof."

The evidence further shows the full court was in attendance on December 7, 1937, and that:

"A motion was made and carried at said meeting that the court reconvene on Dec. 27th, 1937, to approve the minutes of the meeting held on Dec. 7th, aforesaid, but no minutes or orders were signed of the meeting of Dec. 7th, until Dec. 27th."

The evidence shows the defendant did not qualify until December 27, 1937, on which date he took the required oath and executed bond as provided by law and that all members of the court were present on that date. The appellants are contending that, since he did not qualify within 10 days after December 7th, that he could not qualify thereafter. But evidently they have overlooked section 1843, Kentucky Statutes, which provides:

"No minute or order of the fiscal court shall be valid until the same be read and signed as aforesaid, nor unless the record shows by whom the court was held."

Thus we see that the action of the Madison county fiscal court in electing Shirley Cotton did not become effective until December 27, 1937, when the minutes of the meeting of December 7th, 1937, were read, approved, and signed. Shirley Cotton qualified that day, hence he qualified in due season.

Judgment affirmed.